

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 29, 1951.

Hon. John Ben Shepperd
Secretary of State
Capitol Station
Austin, Texas

Opinion No. V-1264.

Re: Several questions relating to collecting additional franchise taxes imposed by House Bill 285, Acts 52nd Leg., 1951, ch. 402, p. 695.

Dear Sir:

Your request for an opinion is in part as follows:

"Upon making a study of the provisions of H.B. 285 enacted by the 52nd Legislature, particularly the franchise tax section, certain questions have arisen as to the interpretation and administration thereof.

". . .

"In accordance with the provisions of the presently effective Articles 7084 and 7084½, this office has collected from corporations presently in good standing the franchise tax at the 'normal' rate of $1.00 per $1,000 of taxable capital, minimum $20.00, and at the supplemental (Article 7084½) rate of an additional 1/3 of 10% of all franchise taxes levied by and due and payable under said Article 7084.

"We respectfully ask that you give us your opinion in answering the following questions:

"1. Do the provisions of H.B. 285 as quoted above require the collection of any additional franchise tax before May 1, 1952?

"2. If so, would it cover the entire period from May 1, 1951 to April 30, 1952; or

would it cover only the period from September 1, 1951 to April 30, 1952 in the same proportion as that period bears to a full year?

"3. At what rate is the additional tax, if any, to be computed and

   (a)  when is it due?
   (b)  when is it payable?
   (c)  may collection be made during the regular tax collection period on or before May 1, 1952?

"4. Would the 25% penalty as provided in Article 7091 be applicable to the additional tax, if any, and if so, after what date would the penalty apply?

"5. Assuming that a corporation is subject to the minimum tax, and has already paid $20.67 (the minimum under Article 7084 and Article 7084½) for the period May 1, 1951 to April 30, 1952, what additional amount, if any, would be due under the minimum tax provision of H.B. 285?"

Attorney General's Opinion V-1248, addressed to Hon. John Ben Shepperd, Secretary of State, dated August 21, 1951, held in part as follows:

"In Opinion V-1246, dated August 21, 1951, addressed to Hon. Robert S. Calvert, Comptroller of Public Accounts, this office held that House Bill 285 became effective from and after September 1, 1951, and all taxes of whatever kind or nature included therein should be levied and collected at the rates therein prescribed without regard to whether such tax was levied on an annual, quarterly, or monthly basis. Hence, House Bill 285 imposes an additional franchise tax at the rate of 25¢ upon all corporations for the privilege of doing business in Texas in corporate form for the period commencing September 1, 1951, through May 1, 1952."

Section IX of House Bill 285 imposes and requires the collection of an additional franchise tax at the rate of 25¢ per thousand dollars from all corporations subject thereto for the period from September 1, 1951, through May 1, 1952, which tax becomes due on September 1, 1951, the effective date of House Bill 285. Mann v. Gulf States Utilities Co., 167 S.W.2d 557 (Tex. Civ. App. 1942, error ref.).

Since the Act fails to provide any specific date for the payment of the additional tax, it necessarily follows that the tax is payable on and after September 1, 1951, and collection thereof may be made during the regular tax collection period on or before May 1, 1952. We believe the foregoing answers your questions Nos. 1, 2, and 3.

The Legislature did not specifically provide that a penalty would attach by reason of the failure of the taxpayer to pay the additional tax when due, and the 25% penalty provided in Article 7091, V.C.S., which is applicable only for the failure to pay the annual franchise tax due and payable in advance on or before May 1 of each taxable year, would not attach by reason of the failure of the taxpayer to pay the additional tax imposed by House Bill 285 on or after September 1, 1951.

However, Article 7092, V.C.S., provides that the Secretary of State, during the month of May of each year, shall notify any domestic or foreign corporation subject to the payment of the franchise tax which has failed to pay a franchise tax on or before the 1st day of May, that unless such overdue tax is paid on or before the 1st day of July next following, the corporation's right to do business in this State will be forfeited as provided therein. Therefore, any corporation, domestic or foreign, which fails to pay the additional tax imposed by House Bill 285 on or before May 1, 1952, is subject to have its right to do business forfeited under the provisions of Article 7092, V.C.S.

In answer to question No. 5, a corporation subject to the minimum tax which has already paid $20.67 (the minimum under Articles 7084 and 7084½, V.C.S.) is subject to the payment of an additional minimum tax under the provisions of Section IX, House Bill 285, for the period September 1, 1951 to April 30, 1952, both inclusive, which is two-thirds of one year. The amount of such

additional minimum tax would therefore be computed on the basis of two-thirds of the additional tax of $5.00, or $3.33.

### SUMMARY

Section IX, H.B. 285, Acts 52nd Leg., 1951, ch. 402, p. 695, requires collection of an additional franchise tax at the rate of 25¢ per thousand dollars upon all corporations privileged to do business in Texas in corporate form for the period commencing September 1, 1951, through May 1, 1952. The additional tax is due September 1, 1951, is payable on and after September 1, 1951, and may be collected during the regular tax collection period on or before May 1, 1952, without being subject to the penalty provided in Article 7091, V.C.S. The penalty provisions of Article 7091, V.C.S. do not apply to the additional tax for this period. Corporations subject to the payment of an additional minimum tax are subject to the payment of an additional minimum tax for the same period in the sum of $3.33.

Yours very truly,

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

CKR:wb

PRICE DANIEL
Attorney General

By C. K. Richards
Assistant